IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOBBIE A. LEWIS and THERON LEWIS,

       Plaintiffs,

v.                                                                                    No. CIV 15-1093 JB/CG

US BANK, ANTHONY TORRES and
TRAVIS TARRY,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, filed November 25, 2015 (Doc. 2)("Application"); and (ii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed November 25, 2015 (Doc. 1)("Complaint").[1]   The primary issues are: (i) whether Plaintiff Bobbie A. Lewis is unable to pay the costs of these proceedings; and (ii) whether the Complaint states a claim on which relief may be granted.   Having reviewed the Application, the Complaint and the relevant statutory and case law, the Court will: (i) grant B. Lewis' Application; (ii) dismiss the Complaint without prejudice, because it fails to state a claim; and (iii) grant B. Lewis leave to file an amended complaint within twenty-one days of entry of this Order.

## PROCEDURAL BACKGROUND

B. Lewis, who resides in Albuquerque, New Mexico, filed her Complaint on November 25, 2015, pursuant to 42 U.S.C. § 1983.   The Complaint names US Bank, Anthony Torres, and

---

[1]The Complaint names Bobbie A. Lewis and her husband, Theron Lewis, as the Plaintiffs.   See Complaint at 1.   B. Lewis states that Theron Lewis passed away on November 22, 2015, which is three days before she filed the Complaint.   See Application at 5.   The Court will thus treat B. Lewis as the sole Plaintiff.

Travis Tarry as Defendants.   See Complaint at 1.   The Complaint alleges that: (i) Torres and

Tarry are Branch Managers at US Bank; and (ii) Torres and Tarry were not acting under color of

state law at the time the claims alleged in the Complaint arose.   See Complaint at 1-2.

The Complaint alleges that "Brain Johnson"[2] [sic] forged T. Lewis' signature on checks

for B. and T. Lewis' bank account.   Complaint at 14.   Johnson is not named as a Defendant.

B. Lewis alleges:

> [She is] financially stressed and suffering Due of Theft, fraud by Criminal Acts
> by a Brain Johnson and the Suspected [Conspiracy] of Negligence of US Bank
> corp and or US Bank by not following one step of a security [criteria] to protect
> money by the Regulations of (fDic) and the (Patriot Act) or by their own
> procedures [and] Due to the negligence and/or Conspiracy by Bank agent(s) Has
> not Insured our money that was tooken out leaving us in a financial Deficit.   It
> will be clear by the Series of Events of Evidence that this fraud was Also on the
> behalf of bank Agent(s) US Bank.

Complaint at 3.   Exhibits attached to the Complaint show that: (i) the checks with the allegedly

forged signatures were written in 2013; (ii) B. and T. Lewis notified US Bank of unauthorized

paper debits in 2013; and (iii) US Bank credited B. and T. Lewis $3,882.62 "for the fraudulent

transactions" and "the fees which were incurred due to the fraudulent activity on [B. and T.

Lewis'] account."   Complaint at 45.   B. Lewis seeks: (i) $6,915.12 to restore the money taken

out of her account; (ii) $50,000.00 for pain and suffering that the fraudulent activity caused; and

(iii) an investigation of US Bank "to insure that other people dont have the same experarance we

did!"   Complaint at 53.

Also on November 25, 2015, B. Lewis filed her Application to proceed in forma

pauperis.   B. Lewis signed an affidavit stating that she is unable to pay the costs of this

proceeding and declares under penalty of perjury that the information in her Application is true.

---

[2]A copy of Johnson's driver's license extension shows his first name as "Brian."
Complaint at 11.

See Application at 1.   B. Lewis states that: (i) her average monthly income is $788.00 in disability and public assistance; (ii) she has no money in bank accounts; (iii) the value of her home is $75,000.00; (iv) the value of her motor vehicle is $15,000.00; (v) her average monthly expenses are $600.00; and (vi) she is unemployed.   See Application at 1-5.

## LAW REGARDING PROCEEDING IN FORMA PAUPERIS

The statute for proceedings in forma pauperis, see 28 U.S.C. § 1915(a), provides that the court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.   See 28 U.S.C. § 1915(a).

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

Menefee v. Werholtz, 368 F. App'x 879, 884 (10th Cir. 2010)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)).

"The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs. . . ."   Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948).   While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339.   The Court may, however, deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars.   See Brewer v. City of Overland Park Police Department, 24 F. App'x 977, 979 (10th Cir. 2002)(holding that litigant whose monthly income

exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[3] "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."   Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir. 2008)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)).

The Court may grant a motion to proceed in forma pauperis even if the complaint fails to state a claim and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).   See Buchheit v. Green, 705 F.3d 1157, 1160-1161 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding proceedings in forma pauperis, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962).   Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings in forma pauperis]").   28 U.S.C. § 1915(d).   Rule 4 provides:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

---

[3]At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00.   See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees.   Brewer's monthly income exceeded his monthly expenses by $242.00.   See Brewer v. City of Overland Park Police Department, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

Fed. R. Civ. P. 4(c)(3).

## LAW REGARDING DISMISSAL PURSUANT TO 28 U.S.C. 1915(e)(2)(B)

The statute governing proceedings in forma pauperis requires federal courts to dismiss an

in forma pauperis proceeding that "is frivolous or malicious; . . . fails to state a claim on which

relief may be granted; . . . or seeks monetary relief against a defendant who is immune from such

relief."   See 28 U.S.C. § 1915(e)(2).   "Dismissal of a pro se complaint for failure to state a

claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has

alleged and it would be futile to give him an opportunity to amend."   Kay v. Bemis, 500 F.3d

1214, 1217 (10th Cir. 2007).

> While we have held that a sua sponte dismissal pursuant to § 1915(e)(2) need not
> be preceded by notice and an opportunity to amend when amendment would be
> futile, a district court should allow a plaintiff an opportunity to cure technical
> errors or otherwise amend the complaint when doing so would yield a meritorious
> claim.

Montana v. Hargett, 84 F. App'x 15, 17 (10th Cir. 2003).

"In determining whether a dismissal is proper, we must accept the allegations of the

complaint as true and construe those allegations, and any reasonable inferences that might be

drawn from them, in the light most favorable to the plaintiff."   Kay v. Bemis, 500 F.3d at 1217.

The court looks to the specific allegations in the complaint to determine whether they plausibly

support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief

above the speculative level.   See id. at 1218 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544

(2007)).   Dismissal of an in forma pauperis complaint as frivolous is not an abuse of discretion

based on a determination that the pro se litigant did not state a viable legal claim and that the

complaint consisted of little more than unintelligible ramblings.   See Triplett v. Triplett, 166

Fed.Appx. 338, 339-340 (10th Cir. 2006).   However, "pro se litigants are to be given reasonable

opportunity to remedy the defects in their pleadings."   Hall v. Bellmon, 935 F.2d 1106, 1110

n.3 (10th Cir. 1991).

### RELEVANT LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.   To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States of America, and must show that the

alleged deprivation was committed by a person acting under color of state law.   See McCarty v.

Gilchrist, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy

for the deprivation of any rights, privileges, or immunities secured by the Constitution by any

person acting under color of state law").

> To seek redress through § 1983, a plaintiff must assert a violation of a federal right, not merely a violation of federal law.  *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S.Ct. 1353 . . . (1997).   The Court has set forth three criteria necessary to finding that a statutory provision gives rise to a federal right:
>
> > First, Congress must have intended that the provision in question benefit the plaintiff.   Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so "vague and amorphous" that its enforcement would strain judicial competence. Third, the statute must unambiguously impose a binding obligation on the States.   In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms.

> *Id.* at 340-41, 117 S.Ct. 1353 (citations omitted).   Once a plaintiff demonstrates
> that a statute creates a federal right, the right is presumptively enforceable under §
> 1983 unless Congress specifically foreclosed such a remedy.   *Gonzaga*
> [Univerity v. Doe]*,* 536 U.S. at 284, 122 S.Ct. 2268 & n. 4.

Mandy R. v. Owens, 464 F.3d 1139, 1146-1148 (10th Cir. 2006).

"Under Section 1983, liability attaches only to conduct occurring 'under color of law.'" Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995).   "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"   West v. Atkins, 487 U.S. 42, 49 (1988)(quoting United States v. Classic, 313 U.S. 299, 326 (1941)).   The "state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor."   Stone v. Elohim, Inc., 336 F. App'x. 841, 842 (10th Cir. 2009)(quoting Lugar v. Edmondson Oil Co., Inc. , 457 U.S. 922, 937 (1982)).   "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action . . . .   But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is."   Hall v. Witteman, 584 F.3d 859, 864 (10th Cir. 2009).   A plaintiff can state a cognizable § 1983 claim against private citizens if he adequately alleges that the private citizen defendants conspired with the state actors to violate his federal rights.   See Beedle v. Wilson, 422 F.3d 1059, 1073 (10th Cir. 2005).   "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, 'mere conclusory

allegations with no supporting factual averments are insufficient,' [instead] the plaintiff must specifically plead "facts tending to show agreement and concerted action."   Beedle v. Wilson, 422 F.3d at 1073.

## ANALYSIS

Having carefully reviewed the Complaint, the Application and the relevant law, the Court will: (i) grant B. Lewis' Application; (ii) dismiss the Complaint without prejudice, because it fails to state a claim; and (iii) grant B. Lewis leave to file an amended complaint within twenty-one days of entry of this Order.

The Court will grant Lewis' Application to proceed in forma pauperis, because she has signed an affidavit stating she is unable to pay the costs of this proceeding and declares under penalty of perjury that the information in her Application is true.   See Application at 1. Although her accounting shows that her average monthly income exceeds her average monthly expenses by $188.00, she has no cash and no money in bank accounts.   The facts suggest that she has underestimated her monthly expenses.   B. Lewis' affidavit, which declares that she is unable to pay the costs of these proceedings, along with the financial information she provided in her Application, is sufficient for the Court to authorize her to proceed in forma pauperis.   See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S at 339 (stating that a litigant need not be "absolutely destitute" and that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life").

Although § 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings in forma pauperis]", 28 U.S.C. § 1915(d), the Court will not order service of Summons and Complaint on Defendants at this time, because the Court is

dismissing the Complaint without prejudice.   The Court will order service if B. Lewis timely files an amended complaint which states a claim and includes the addresses of every Defendant named in the amended complaint.

The Court will dismiss the Complaint without prejudice, because the Complaint does not state a claim.   The Complaint, which B. Lewis filed pursuant to 42 U.S.C. § 1983, see Complaint at 1, does not state a claim, because: (i) it does not allege any violation of a federal right; and (ii) it does not show that the alleged deprivation was committed by a person acting under color of state law.   See McCarty v. Gilchrist, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law."). While the Complaint alleges that B. Lewis is financially stressed and suffering because of theft, fraud and negligence by the Defendants not following security criteria to protect money, the regulations of the F.D.I.C., the Patriot Act and the Defendants' own rules, it does not allege the violation of a federal right.   See Mandy R. v. Owens, 464 F.3d 1139, 1146-1148 (10th Cir. 2006)("To seek redress through § 1983, a plaintiff must assert a violation of a federal right, not merely a violation of federal law.")(quoting Blessing v. Freestone, 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997)).   None of the allegations in the Complaint indicate that US Bank's, Torres', or Tarry's actions are attributable to the State.   See Hall v. Witteman, 584 F.3d 859, 864 (10th Cir. 2009)("[P]rivate conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is.").   B. Lewis expressly acknowledges that Torres and Tarry were not acting under color of state law at the time the claims alleged in her Complaint arose.   See Complaint at 1-2.

B. Lewis may file an amended complaint within twenty-one days of entry of this Order.

Failure to timely file an amended complaint or show cause why the Court should not dismiss this case may result in dismissal of this case.

**IT IS ORDERED** that: (i) the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, filed November 25, 2015 (Doc. 2), is granted; (ii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed November 25, 2015 (Doc. 1), is dismissed without prejudice; and (iii) Plaintiff Bobbie A. Lewis may file an amended complaint within twenty-one days of entry of this Order.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Bobbie Lewis
Albuquerque, New Mexico

     *Plaintiff pro se*