IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOBBIE A. LEWIS and THERON LEWIS,

      Plaintiffs,

v.                                                                                                                                        No. CIV 15-1093 JB/CG

US BANK, ANTHONY TORRES and
TRAVIS TARRY,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff Bobbie A. Lewis'[1] ("B. Lewis") failure to comply with the Court's Memorandum Opinion and Order Granting Plaintiff's Motion to Proceed In Forma Pauperis and Dismissing the Complaint, filed September 2, 2016 (Doc. 8)("Order Dismissing Complaint"), requiring her either to file an amended complaint or to show cause why the Court should not dismiss this case. See Order Dismissing Complaint at 1. B. Lewis has failed to comply with the Court's Order Dismissing Complaint. Accordingly, the Court will dismiss this case without prejudice.

## PROCEDURAL BACKGROUND

B. Lewis, who resides in Albuquerque, New Mexico, filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed on November 25, 2015 (Doc. 1)("Complaint"). See Complaint at 1. The Complaint names US Bank, Anthony Torres, and Travis Tarry as defendants. See Complaint ¶ 2, at 1. The Complaint alleges that: (i) Torres and Tarry are Branch

---

[1] The Complaint names Bobbie A. Lewis and her husband, Theron Lewis, as the Plaintiffs. See Complaint ¶ 1, at 1. B. Lewis reports that Lewis passed away on November 22, 2015, three days before she filed the Complaint. See Application to Proceed in District Court without Prepaying Fees or Costs at 5, filed November 25, 2015 (Doc. 2). The Court will thus treat B. Lewis as the sole Plaintiff.

Managers at US Bank; and (ii) Torres and Tarry were not acting under color of state law at the time the claims alleged in the Complaint arose.  See Complaint ¶¶ 2, 3, at 1-2.  The Complaint also alleges that "Brain Johnson" [sic] forged Lewis' signature on checks for Bobbie and Theron Lewis' bank account.  Complaint at 14.  Johnson is not a named Defendant.  B. Lewis alleges that:

> [she is] financially stressed and suffering Due of Theft, fraud by Criminal Acts by a Brain Johnson and the Suspected [Conspiracy] of Negligence of US Bank corp and or US Bank by not following one step of a security [criteria] to protect money by the Regulations of (fDic) and the (Patriot Act) or by their own procedures [and] Due to the negligence and/or Conspiracy by Bank agent(s) Has not Insured our money that was tooken out leaving us in a financial Deficit.  It will be clear by the Series of Events of Evidence that this fraud was Also on the behalf of bank Agent(s) US Bank.

Complaint at 3.  Exhibits attached to the Complaint show that: (i) the checks with the allegedly forged signatures were written in 2013; (ii) B. Lewis and T. Lewis notified US Bank of unauthorized paper debits in 2013; and (iii) US Bank credited B. Lewis and T. Lewis $3,882.62 "for the fraudulent transactions" and "the fees which were incurred due to the fraudulent activity on [the Lewis'] account."  Complaint at 45.  B. Lewis seeks: (i) $6,915.12 to restore the money taken out of her account; (ii) $50,000.00 for pain and suffering the fraudulent activity caused; and (iii) an investigation of the US Bank "to insure that other people dont have the same experarance we did!"  Complaint at 53.

The Court dismissed the Complaint without prejudice, because the Complaint, which Lewis filed pursuant to 42 U.S.C. § 1983, see Complaint ¶ 1, at 1, failed to state a claim, because: (i) it did not allege any violation of a federal right; and (ii) it did not show that a person acting under the color of state law committed the alleged deprivation.  See Order Dismissing Complaint at 9.  The Court granted B. Lewis twenty-one days after entry of the Order Dismissing Complaint to file an amended complaint, and notified B. Lewis that "failure to timely file an amended

complaint or show cause why the Court should not dismiss this case may result in dismissal of this case."  Order Dismissing Complaint at 10.   B. Lewis did not file an amended complaint or show cause why the Court should not dismiss this case by the September 26, 2016, deadline.

## LAW REGARDING FAILURE TO COMPLY WITH COURT ORDER

The Federal Rules of Civil Procedure allow a district court to dismiss an action for failure to comply with a court order:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  See Baker v. Suthers, 9 F. App'x 947, 950 (10th Cir. 2001)(unpublished)("Under the circumstances, we cannot say the district court abused its discretion in dismissing Mr. Baker's complaint without prejudice for failure to pay the initial partial filing fee or show a legitimate or acceptable cause for not paying.").  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts . . . to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr., 492 F.3d 1158, 1161 n.2 (10th Cir. 2007)(quoting Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

## ANALYSIS

B. Lewis received notice that the Court might dismiss this case without prejudice if she did not file an amended complaint or show cause why the Court should not dismiss this case.  See Order Dismissing Complaint at 10.   B. Lewis did not timely file an amended complaint or show cause why the Court should not dismiss this case.  The Court will therefore dismiss this case

without prejudice for failure to comply with the Court's Order Dismissing Complaint.

**IT IS ORDERED** that this case is dismissed without prejudice, and final judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Bobbie Lewis
Albuquerque, New Mexico

    *Plaintiff pro se*